CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 17 2016

JULIA ~~DUDLEY~~, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL WAYNE FLOWERS, | ) |
| Plaintiff, | ) Civil Action No. 7:15CV00243 |
| v. | ) **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Chief United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Michael W. Flowers, was born on February 21, 1965, and eventually completed his high school education. Mr. Flowers also completed several courses in college. While plaintiff has worked from time to time, the Administrative Law Judge determined that Mr. Flowers has no past relevant work for purposes of consideration of his claim for supplemental security income

benefits. (TR 300). On July 27, 2011, plaintiff filed an application for supplemental security income benefits. It seems that earlier applications for such benefits had proven unsuccessful. In filing his most recent claim, Mr. Flowers alleged that he became disabled for all forms of substantial gainful employment on June 6, 2003, due to pain in his back, neck, right hip and leg; high blood pressure, history of pancreatitis; acid reflux; depression; and anxiety. Plaintiff now maintains that he has remained disabled to the present time.

Mr. Flowers' claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 4, 2014, the Law Judge also determined that Mr. Flowers is not disabled for purposes of his application for supplemental security income benefits. The Law Judge found that plaintiff suffers from several severe impairments, including substance use disorder on the basis of chronic alcohol abuse; pancreatitis; joint arthralgias, including lumbago, cervicalgia, and history of hip surgery; anemia; hypertension; reflux/hernias; borderline personality disorder; and depression. (TR 300). In terms of the sequential disability analysis established for the adjudication of such claims, see 20 C.F.R. § 416.920, the Administrative Law Judge found that plaintiff suffers from a listed impairment based on a severe limitation in concentration associated with his substance abuse disorder.[1] (TR 306). However, the Law Judge ruled that Mr. Flowers does not suffer from a disability within the meaning of the Act due to this disabling mental condition, because he would not suffer from an impairment of disabling severity if he abstained from the use of alcohol. (TR 309). Inasmuch as the Law Judge found that plaintiff's alcoholism is a contributing factor material

---

[1] If a claimant suffers from a listed impairment under Appendix 1 to Subpart P of the Administrative Regulations Part 404, the claimant is deemed disabled for all forms of work without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 416.920(d).

2

to the determination of disability, the Law Judge proceeded to consider whether plaintiff would remain disabled if he stopped using alcohol. See, gen., 20 C.F.R. § 416.935. Assuming that Mr. Flowers ceased using alcohol, the Law Judge found that his abilities to sustain concentration, persistence, or pace would be only moderately impaired. (TR 309). Assuming cessation of alcohol use, the Law Judge went on to assess Mr. Flowers' residual functional capacity as follows:

> When the effects of the claimant's substance use are factored out, he retains the residual functional capacity to perform a range of light work as defined in 20 CFR 416.967(b), except that he must avoid exposure to hazards such as dangerous moving machinery and climbing ladders, ropes, or scaffolding. He is further limited to no more than occasional excessive work-place vibrations. His mental impairments, absent substance use, limit him to work involving no interaction with the public, and no ore than occasional interaction with co-workers. He can perform unskilled work tasks.

(TR 310). Given such a residual functional capacity, and after considering plaintiff's age, education, and lack of prior work experience, the Law Judge ruled that, if plaintiff abstained from using alcohol and illegal drugs, he would be capable of performing several specific light and sedentary work roles existing in significant number in the national economy. (TR 312). Accordingly, the Law Judge ultimately concluded that Mr. Flowers is not disabled, and that he is not entitled to supplemental security income benefits. See, gen., 20 C.F.R. §§ 416.920(g) and 416.935. The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Flowers has appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such

an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Without question, during those times in which Mr. Flowers uses alcohol to excess, he does not possess sufficient mental or emotional capacity to engage in any meaningful work activity. However, the court believes that the Law Judge properly determined that if plaintiff abstains from substance abuse, he would possess sufficient physical and emotional capacity to engage in lighter forms of simple, unskilled work activity. Thus, the court agrees that plaintiff's substance abuse disorder is a contributing factor material to the determination of disability. See 42 U.S.C. § 1382c(a)(3)(J). Simply stated, while Mr. Flowers experiences musculoskeletal complaints and degenerative arthritic process in multiple joints, there is no indication that his physical impairments prevent performance of lighter forms of work activity. Having reviewed the medical record, the court finds substantial evidence to support the Law Judge's determination that the objective medical evidence simply fails to document the existence of any physical condition which is so severe as to prevent performance of light and sedentary forms of exertion. Indeed, when asked to provide support for plaintiff's application for benefits, one of Mr. Flowers' treating physicians at the VA Medical Center explicitly observed that plaintiff's only problem is alcohol dependence and that he "can work." (TR 721). While plaintiff also suffers from chronic pancreatitis, which is deemed to be associated with his alcohol abuse, as

4

well as a history of pancreatic pseudocysts, there is no indication that these problems prevent performance of regular activity during those periods in which Mr. Flowers is abstinent. Generally, the court also finds substantial evidence to support the Law Judge's determination that plaintiff's subjective complaints are out of proportion to the medical evidence in the case, if plaintiff's substance abuse is not considered.

Mr. Flowers' emotional problems present a somewhat closer question. As previously noted, the Administrative Law Judge determined that plaintiff suffers from depression/anxiety, and that his impairment in concentration is so severe as to render him disabled during periods of chronic alcohol abuse. However, the Law Judge went on to find that plaintiff's ability to sustain concentration, persistence, or pace is only moderately impaired during those periods in which he is sober. The Law Judge determined that this moderate level of impairment is not such as to prevent performance of the simple, unskilled work roles for which the vocational expert considered Mr. Flowers to be otherwise capable. The court must conclude that this finding is supported by substantial evidence. The Law Judge observed that, during those periods in which he is free of alcohol, plaintiff's impairment in concentration, persistence, or pace results from "some chronic pain related issues" and that such manifestations could reasonably be mitigated if plaintiff performs lighter work activities of a simple and unskilled nature. (TR 309). The court believes that this determination is consistent with the report of the state agency psychologist who assessed the vocational significance of plaintiff's nonexertional impairments. In a psychological assessment completed on December 12, 2011, Dr. Louis Perrott noted moderate limitations in terms of plaintiff's capacity to maintain attention, concentration, and pace. (TR 355). However, based on the evidence of record as of the date of his psychological review, Dr. Perrott opined that plaintiff should be considered capable of

5

"simple, routine, non-stressful work requiring limited social interaction." (TR 356). The court believes that the Law Judge might reasonably rely on Dr. Perrott's assessment in making findings as to plaintiff's residual functional capacity.

In short, after factoring out the vocational impact of plaintiff's chronic alcohol use, the court finds that the Law Judge's hypothetical question to the vocational expert captured all of plaintiff's physical and emotional limitations reasonably supported by the medical record. It follows that the Law Judge properly relied on the vocational expert's input in determining that Mr. Flowers is not disabled for all forms of substantial gainful employment. Thus, the court concludes that the Commissioner's final decision in this case is supported by substantial evidence.

On appeal to this court, plaintiff argues that the Law Judge improperly discounted the vocational significance of moderate limitations in social functioning, concentration, persistence, and pace. Citing a multitude of decisions, including that of this court in <u>Sexton v. Colvin</u>, 21 F.Supp.3d 639 (W.D.Va. 2014) and that of the United States Court of Appeals for the Fourth Circuit in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015), plaintiff argues that the Law Judge's finding of a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace. While the court believes that plaintiff has correctly interpreted the holdings in <u>Mascio</u> and <u>Sexton</u>, the court does not believe that the rationale of these cases applies to Mr. Flowers' claim. In <u>Mascio</u> and <u>Sexton</u>, the claimants' problems with concentration, persistence, and pace were associated primarily with emotional problems. As noted by the Law Judge in the instant case, Mr. Flowers' concentration problems are associated in substantial measure with his physical discomfort. The Law Judge accounted for this circumstance in finding that plaintiff is limited to lighter and sedentary forms of physical activity. As also noted by the Law Judge, Mr.

6

Flowers actually performed work activity during those periods in which he was not drinking alcohol to excess. (TR 309). In the court's view, this fact supports the notion that plaintiff's concentration problems during periods of abstinence are not so severe as to prevent regular work activity. Finally, as noted above, Dr. Perrott specifically determined that Mr. Flowers' deficiencies in concentration, persistence, and pace are not such as to prevent performance of simple, unskilled work activity involving only one or two steps. Simply stated, the court believes that the medical record in the instant case, and the assessment of the critical issues by the Administrative Law Judge, differ from Mascio's case. In evaluating Mr. Flowers' claim for benefits, the Law Judge offered some explanation, and cited evidence, in support of the finding that plaintiff's impairments in concentration, persistence, and pace do not prevent performance of simple, unskilled, light or sedentary work activity. As set forth above, the court believes that the Law Judge's assessment is supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed.

In affirming the Commissioner's decision, the court does not suggest that Mr. Flowers is free of all pain, discomfort, weakness, and fatigue. Indeed, even without consideration of the impact of plaintiff's chronic alcohol abuse, the medical record confirms that Mr. Flowers suffers from significant musculoskeletal problems, which can be expected to cause pain, limitation of motion, and lack of stamina. However, it must again be observed that plaintiff's physician at the VA hospital specifically noted that Mr. Flowers could work despite such problems. It must be recognized that the inability to do work without any subjective discomfort, does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by

7

the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.[2]

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 17th day of June, 2016.

/s/ Glen Conrad
Chief United States District Judge

---

[2] In connection with his request for review of the Administrative Law Judge's decision, Mr. Flowers submitted a multitude of new medical reports to the Social Security Administration's Appeals Council. However, the court finds that these reports relate to treatment of plaintiff's longstanding physical problems, and that they offer nothing new. Inasmuch as the new reports are merely cumulative, the court finds no cause for remand for consideration of the new evidence. See Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985) and Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011).